William DORN, Jr., Appellant,

v.

BALFOUR, GUTHRIE & CO., Limited, a corporation, Appellee.

No. 15905.

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1958.

Rehearing Denied Feb. 3, 1959.

Second Petition for Rehearing Denied
March 31, 1959.

See also 155 F.Supp. 203.

of Peru. The appellee was the port agent of the Rimac. The injuries were alleged to have occurred when plaintiff, a winch operator, slipped and fell on oil which had collected on the deck where he worked.

The plaintiff's theory was that the defendant, as port agent for the vessel, exercised joint control and joint responsibility with the owner of the vessel and its master and hence may be held liable for damages arising from negligent failure to furnish or maintain a safe place for longshoremen to work.

The evidence offered in support of the asserted claim that the defendant had joint control or management of the vessel disclosed that as port agent or "husbanding agent" the defendant cooperated with the master in giving him advice as to where he could berth his vessel when in port, giving him assistance in procuring stores and supplies needed for the vessel, and purchasing items required by the master. The court below found that defendant was given no duty or authority to operate, control or manage the vessel or to give orders to the master or crew and that it did not at any time have possession or control of the vessel; that it did not exercise any authority or control in connection with the cleaning or maintenance of the decks or winches or any part of the vessel or her equipment.

■ It is plain from all of the evidence that appellee's only function as port agent was to make contractual arrangements for the benefit of the vessel when requested so to do by the master. There is no evidence whatever that it was employed to have anything to do with the maintenance or repair of the vessel itself, and there is no evidence that it ever assumed to carry out any such function.

■■ The burden was on the plaintiff to show facts giving rise to some duty on the part of the defendant which was owed in respect to persons in the position of plaintiff. Since that burden was not sustained the trial court was correct in its conclusion that defendant

Garry, Dreyfus, McTernan & Keller, George Olshausen, Charles R. Garry, San Francisco, Cal., for appellant.

McCutchen, Thomas, Matthew, Griffiths & Greene, Bryant K. Zimmerman, San Francisco, Cal., for appellee.

Before POPE, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM.

The appellant, plaintiff below, sought to recover damages from the appellee for personal injuries while working as a longshoreman on board the SS Rimac while the ship was lying in port on San Francisco Bay. The Rimac was a Peruvian Naval vessel owned by the Republic

"did not at any time have any authority or duty to exercise any control over the operation or management of" the vessel.[1]

 Even if defendant had been employed by its principal, the Republic of Peru, to look after the physical condition of the vessel or its decks, it would not be liable to any third person unless or until defendant entered upon the performance of such duties and thereafter was guilty of some negligence. Restatement of Agency, § 352.

Upon this record it must be held that no duty respecting the plaintiff ever arose and the trial court correctly dismissed the action upon the merits.

Affirmed.

---

1. Cf. Caldarola v. Eckert, 332 U.S. 155, 158, 67 S.Ct. 1569, 91 L.Ed. 1968.